SUTTON, Circuit Judge,
dissenting.
When an employee voluntarily applies for, and obtains, a job transfer, his employer has not subjected him to an adverse employment action.
Robert Deleon applied for a transfer to the equipment and facilities superintendent position, no strings attached. When the Road Commission posted the position, Deleon (then an area superintendent) saw an opportunity for advancement and applied. R.55-4 at 1-3, 5-6; R.64 at 19 (Tr. at 75). He applied with full knowledge of the transfer’s potential downside. As to diesel fumes: The job description warned that the position involved “exposure to loud noises and diesel fumes,” R.55-4 at 1-3, something he had seen firsthand and had ideas for mitigating. R.64 at 19 (Tr. at 75-76). As to the additional responsibilities: Deleon understood he would need to learn new skills on the job. R.64 at 13, 17, 30 (Tr. at 46, 62, 138, 140). Yes, his application included a request for a higher salary and an additional employee. But he kept his application active and interviewed for the position after his supervisors told him that the job would not come with a raise or another employee. R.55-3 at 6-8; R.64 at 30 (Tr. at 138-39). After the Commission offered the job to an external candidate, Deleon complained to his supervisors about not getting the job. R.55-1 at 8-9 (Tr. at 42, 44-49); R.64 at 36 (Tr. at 224). When the initial hire resigned for personal reasons and a second external candidate turned down the job, the Commission gave Deleon the job. R.55-3 at 11-13; R.64 at 37 (Tr. at 229). In recounting the facts, the majority offers hints to *922 the contrary — that Deleon somehow did not seek out the job, Maj. at 915-16, 916-17 and 921 — but they all turn on citations to Deleon’s appellate brief, not the summary judgment record.
The Commission’s decision to give Deleon what he wanted, what he persisted in seeking when at first he did not succeed, did not amount to an adverse employment action, much less a retaliatory one. Deleon voluntarily applied for the job with full knowledge of its pros and cons, making it difficult to fathom how he could premise a claim of retaliation on the transfer alone. A retaliation claim requires the employer to do something bad to the employee — something that might “have dissuaded a reasonable worker from making or supporting a charge of discrimination.” Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). That concept cannot be bent and stretched to cover an employer’s decision to grant an employee’s request for a transfer. No reasonable employee in Deleon’s position would have interpreted the transfer as an act designed to prevent him from exercising his rights against anti-discrimination.
In this setting, it adds nothing to the claim that the soot and diesel fumes in Deleon’s new office were unpleasant or difficult to deal with. Deleon applied for the job with full knowledge of the conditions — and indeed complained when he did not initially get the job. An adverse employment action requires conduct by the employer that would hinder a reasonable employee from complaining about discrimination. How could a reasonable employee interpret the granting of a sought-after transfer as a warning not to complain about this or that conduct of the employer? The answer escapes me.
The same goes for the description of the transfer by one of Deleon’s supervisors as a situation where Deleon “had to do whatever he was told.” R.64-1 at 18 (Tr. at 110-11). Relying on this description — one Deleon references indirectly for the first time in his reply brief on appeal and never referenced below in his summary judgment briefs — the majority alternatively calls Deleon’s transfer an “involuntary” one in a footnote. Maj. at 916 n. 1. But why? The record makes clear that Deleon never complained about the transfer — he sought it out — and his supervisors never told him that he had no choice in the matter. As Deleon admits, he “didn’t tell anybody” that he did not want the transfer. R.64 at 16 (Tr. at 61); R.64-1 at 18 (Tr. at 110); R.64-2 at 11 (Tr. at 89). That the Commission might have transferred Deleon even if he had objected to it does not change, cannot change, the outcome of a retaliation lawsuit. No reasonable employee could interpret a transfer as an attempt to punish him for exercising his anti-discrimination rights when he gave his employer no reason to believe that he did not want the transfer and every reason to believe that he did. To repeat: When an employee voluntarily applies for, and obtains, a job transfer, his employer has not subjected him to an adverse employment action.
The majority worries that, by focusing on Deleon’s circumstances, the court will transform an objective test into a subjective one. No need to worry. The materially adverse inquiry asks whether a “reasonable person in the plaintiffs position ” would forgo filing a complaint of discrimination because of the employment action. Id. at 69-70 (emphasis added). The inquiry remains objective. The answer to the question simply must concern the facts at hand.
No case to my knowledge holds that granting a sought-after transfer by itself amounts to an adverse employment action. The majority’s case citations say nothing *923 to the contrary. They instead stand for these uncontroversial propositions. An employee may recover for a requested transfer when the employee “believed the change was necessary in order to keep her job.” Spees v. James Marine, Inc., 617 F.3d 380, 387 (6th Cir.2010); see Garrett v. Univ. of Ala. at Birmingham Bd. of Trs., 507 F.3d 1306, 1312 (11th Cir.2007). That of course is not a voluntary request for a transfer. The same goes for an employee who applies for a transfer seeking refuge from discriminatory conditions in his current position. Compare Sharp v. City of Houston, 164 F.3d 923, 934 (5th Cir.1999) (holding that a requested transfer could be an adverse employment action because the plaintiffs co-workers “caused her reasonably to fear for her safety if she stayed”), with Simpson v. Borg-Warner Auto., Inc., 196 F.3d 873, 876 (7th Cir.1999) (reaching the opposite conclusion where plaintiff voluntarily “sought her downgrade”).
Whatever the correct interpretation of the employment retaliation laws may be, they surely stop at this line: imposing liability on employers whether they grant or deny an employee’s request for a transfer. All would agree that today’s case is the harder one — where the employee got what he wanted — and yet, according to the majority, he still has a cognizable claim. It follows under the majority’s analysis that, when the employer denies what the employee wants, he also has a cognizable claim. See Taylor v. Geithner, 703 F.3d 328, 338 (6th Cir.2013) (finding that a plaintiffs allegation that “she applied for and was rejected” from a position was “plainly an adverse employment action”). An interpretation of the retaliation laws that subjects employers to liability coming and going — whether after granting employee requests or denying them — will do more to breed confusion about the law than to advance the goals of a fair and respectful workplace. Even after plumbing the depths of logic, experience, case law and common sense, I must return to this surface point: When an employee voluntarily applies for, and obtains, a job transfer, his employer has not subjected him to an adverse employment action.
The majority seeing it differently, I must respectfully dissent.